Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

___Abingdon_____ Division

CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED
OCT 04 2023
LAURA A. AUSTIN, CLERK
BY: A. Beeson
DEPUTY CLERK

Mathew R. Dugger

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

County of Buchanan, Virginia

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

Case No. **1:23CV35**
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☐ Yes ☑ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Mathew R. Dugger |
| Address | 514 Robinson Drive Apartment 208 |
| | Johnson City, TN 37604 |
| | *City / State / Zip Code* |
| County | Washington |
| Telephone Number | (423) 948-7616 |
| E-Mail Address | mattdugger0990@gmail.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | County of Buchanan, Virginia |
| Job or Title *(if known)* | Municipality |
| Address | 1012 Walnut Street |
| | Grundy, VA 24614 |
| | *City / State / Zip Code* |
| County | Buchanan |
| Telephone Number | (276) 935-6519 |
| E-Mail Address *(if known)* | |

[ ] Individual capacity  [✓] Official capacity

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Address | |
| | *City / State / Zip Code* |
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

[ ] Individual capacity  [ ] Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

**Defendant No. 3**
Name
Job or Title *(if known)*
Address

| City | State | Zip Code |

County
Telephone Number
E-Mail Address *(if known)*

☐ Individual capacity    ☐ Official capacity

**Defendant No. 4**
Name
Job or Title *(if known)*
Address

| City | State | Zip Code |

County
Telephone Number
E-Mail Address *(if known)*

☐ Individual capacity    ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?
14th Amendment rights to due process, equal protection and access to the courts, 4th Amendment right against unreasonable search and siezure, 6th amendment right to confront my accuser, statutory rights to the presumption of innocence, to make decisions in the upbringing of my child(ren) and to companionship with my child(ren) and to the property/liberty interest of my child(ren), and the unlawful imprisonment of my minor child

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Defendent is a municipality subject to suit under Monell v. The Department of Social Service of the City of New York. The defendent failed to train it's employee, Deputy Clerk Jennifer Mays in regard to the constitutional rights that could be violated by her willful refusal to perform her appointed duties. The defendent also has policies in the form of local court rules that violated my rights to due process and a fair trial resulting in the unreasonable siezure of my liberty and property interest to my child.

### III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  Where did the events giving rise to your claim(s) occur?

All events took place either in or on behalf of Buchanan County, Virginia.

B.  What date and approximate time did the events giving rise to your claim(s) occur?

SEE ATTACHED "III. Statement of Claim (cont.)- B"

C.  What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

SEE ATTACHED "III. Statement of Claim (cont.)-C"

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

1. Emotional Distress- I spent nearly a month in a constant state of sadness, anxiety and desparagement due to the assumption of guilt of child abuse considering my child was in foster care, which culminated into an angry outburst at my place of employment due to the levels of stress I was under during the time in question resulting in the loss of my employment, which I have still not been able to regain resulting in my returning to community college to try to regain my value and self-worth. I still have nightmares that it could happen again at any time.

2. Family Bond- My family bond between my daughter and myself has yet to fully recover as a result of these actions. During the course of these events while she was in Foster Care, her mothers rights to contact with her have been completely removed, and I believe that my child blames me as to why her relationship with her mother has been severed resulting in the child's constant rebellion to the point that she must be in online school due to her behavior causing distraction to other students and her need for individual attention.

3. Parental Rights- My parental rights were unjustly removed from me from the time that the EPO was signed into action by Magistrate Stiltner on January 9th, 2023 to the time that I finally received my full legal custody back on February 28th, 2023.

4. Interference With Daily Life- These actions caused me to have to focus all of my attention on defending myself to regain custody of my daughter, taking away from my responsibilities to the rest of my family.

5. Legal consequencecs- These actions cause me to be required to make multiple 4-6 hour round trips for the filings of motions and court hearings that should have never been necessary in the first place costing me time, money, and many miles off of the life of my vehicle's engine.

6. Loss of Wages-Before losing my job as a result of these actions I made $18.50/hr+overtime at 50-60 hrs/week

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

1.) As there is no way to definitely calculate an amount in money damages that I have suffered as a result of these actions, I request relief as follows:

2.) I request Compensatory Relief in the amount of $250,000.00 for its policies which resulted in my injuries as listed above as well it's obvious failure to train it's employees in regard to the public's Constitutionally Protected Rights. I also ask for Injuctive Relief in the form of making immediate changes to any such policies that might infringe upon the rights of any citizen in the future as well as provide relevant training to its employees in regard to the rights of the public for which their position places them in service of.

3.) I request declaratory relief in the form of a court opinion that would set precedents in regard to the clear violations that were commited by Magistrate Eddie Stiltner, Deputy Court Clerk Jennifer Mays, and Chief Judge Laura F. O'Quinn of the rights in question in order to open up potential civil liabilities for any future events commited by persons in the same positions and having the same or similar titles as the parties mentioned.

4.) I believe the basis for these claims is reasonable considering the sheer number of civil rights violations that occured of this single set of events involving more than one agency of the county by employees of the county that should have reasonably known that their actions constituted violations whether acting in accordance to policy or in clear violation of it.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 09-25-2023

Signature of Plaintiff: *[signed]*

Printed Name of Plaintiff: Mathew Dugger

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

| City | State | Zip Code |

Telephone Number

E-mail Address

# Complaint for Violation of Civil Rights Attachment

## III. Statement of Claim (cont.)

**(B):** What date and approximate time did the events giving rise to your claim(s) occur?

**(1)** On 01/09/2023 at 9:28 AM, Magistrate Eddie Stiltner grants an Ex-Parte Emergency Protective Order against me to the mother of my daughter, who was the subject of the protective order. The order was issued to cover a period that was 6 days past the limitation of the law used to sustain it (VA Code 16.1-253.4) violating my 14th amendment right to Due Process and 6th amendment right to confront my accuser. The legal limit was 3 days without an extension being applied for and granted. This order was sustained based on the hearsay testimony of a third party and based on that fact did not satisfy the legal standard of proof of "Reasonable Grounds to Believe" required to legally sustain the order. An issuance of this order, under Virginia law must accompany a criminal charge of Family Abuse to be valid. If one such charge had not been filed prior to the order, it is the duty of the Magistrate filing the EPO to also file the criminal charge. This was not done, leading me to believe that Mr. Stiltner knew that he did not have Reasonable Grounds standard satisfied.

**(2)** On 01/10/2023, Deputy Court Clerk Jennifer Mays refused to do her duty to allow me file a motion to amend or dissolve the EPO on grounds of lack of evidence and the deprivation of my right to confront my accuser, which violated my 14th amendment rights to Due Process, Equal Protection, and Access to the Court as well as the 14th Amendment provided protection of the 1st

Amendment at a state level. This was witnessed by my daughter's Guardian ad-litem, Laurie Conrad.

**(3)** On 01/12/2023 at 11:59 PM, the lawful expiration date of the EPO (had it been sustained based on legal grounds) was ignored.

**(4)** On 01/13/2023, My daughter was removed by Buchanan County DSS from her mother's residence for environmental abuse and an emergency removal order was requested by the department.

**(5)** On 01/15/2023 at 11:59 PM, the lawful maximum expiration date (had an extension been applied for and granted) is still not recognized. The child remains in foster care.

**(6)** On 01/18/2023, The preliminary hearing for the Emergency Removal Order is sustained by the Judge Laura O'Quinn on the grounds that I could not be acceptable placement for the child because of the unlawful EPO that was still illegally in place until 11:59 that night rather than dismiss the EPO and order custody be returned to me. (She cited local court rules/policy for her lack of grounds to handle the situation in any other way than she did, opening grounds for liability by the Defendant under Monell )

**(7)** On 02/01/2023 the Adjudication hearing for the removal of the child is heard. Physical custody of the child is finally returned to me on a "temporary" basis. The court makes a note that I had nothing to do with the decision to remove the child and no abuse was committed by me. Legal custody is still allowed to remain with Buchanan County DSS, which is located in a different state than the child in question resided. (Also per county or state policy)

**(8)** On 02/28/2023 the Disposition hearing for the removal of the child is heard. Full legal custody of my daughter is granted back to me on the grounds that no evidence of any abuse of

any kind was presented against me and the testimony of my daughter's guardian ad-litem Laurie Conrad that she had spoken to the child's teachers, and they had no indication that abuse was occurring in my home.

## III. Statement of Claim (cont.)

**(C):** What are the facts underlying your claim(s)? (For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)

**(1):**   On January 8th, 2023, my daughter's mother Sabrina Tolley broke a court order out of Buchanan County, VA JDR Court to return my child to me after her weekend visitation by 6PM. I contacted Buchanan County Sherrif's Department, who informed me that since there was a custody order, that this was a civil matter and out of their hands. I asked that they conduct a welfare check at the residence of Ms. Tolley to ensure that she had not fled with the child.

**(2)**   The next morning, Ms. Tolley went in effort to circumvent the custody order to file an Emergency Protective Order against me for my daughter. She claimed that my daughter had told her that I had threatened to kill her. She told this to Magistrate Eddie Stiltner of the 28th Judicial District of Virginia, and based on her hearsay testimony and nothing else, found "reasonable

grounds to believe" that abuse had taken place and granted EPO. The legal time limitation of an EPO pursuant to the Virginia Code that was used against me (VA Code 16.1-253.4) is 3 days, or the next day court is in session if the 3rd day is on a weekend or Holiday. A maximum of an additional 3 days can be applied for and granted but must be applied for. Mr. Stiltner granted the initial EPO to not expire for 9 days and did so ex-parte without evidence of clear and present danger otherwise which denied me the right to Due Process under the 14th Amendment, along with my 4th amendment right against unreasonable search and seizure by unlawfully depriving me of my court ordered custody of my daughter, my 6th Amendment right to confront my accuser, and my Federally Protected fundamental right to the Presumption of Innocence.

(3)   I went the following day on January 10th to the Buchanan County JDR Courthouse and attempted to file a motion to amend or dissolve the order, as was my right under VA Code 16.1-253.4 subsection C, the same law used to grant the order, and was refused the ability to file the motion by the Deputy Court Clerk, Jennifer Mays who was acting in her official capacity on behalf of the county. In refusing me the ability to file the motion, Deputy Clerk Mays deprived me of my 14th amendment rights to due process, equal protection, and access to the courts. This refusal of her duty ultimately resulted in the removal order of the custody of my daughter being sustained violating my 4th Amendment right against unreasonable search and seizure without due process of law.

(4)   On the 4th day of that the EPO was active, on January 13th, 2023, which at this point should have been expired by law at 11:59 PM on the night before, Buchanan County DSS responded to the home of my daughter's mother. The DSS social worker who conducted the investigation found that my daughter was being held in conditions of environmental abuse. They filed for an Emergency Removal Order and took custody of my daughter. Under normal protocol,

I would have been contacted immediately to come and take custody of my daughter, however, since the EPO was still active in violation of my 14th Amendment right to Due Process, my daughter was seized placed into foster care constituting unlawful imprisonment and a violation of my 4th amendment right against unreasonable search and seizure without due process of law.

(5)     On January 18th, 2021, On the 9th day of being under the Emergency Protective Order, The Preliminary Hearing for the Emergency Removal Order of my daughter was heard by Chief Judge Laura O'Quinn of the Buchanan County District Court/ JDR Court in Grundy, Virginia. I tried to raise my concern to the judge that I was still unlawfully under an EPO for 6 days past the lawful expiration date as of the Preliminary Removal Hearing. Judge O'Quinn advised me that even though the order should have expired as of January 12th at 11:59 PM, that local rules of procedure dictated that the emergency removal hearing take precedence over all other matters, and that since she did not issue the order and it was set to expire that night, it was not her prerogative to have the hearing to dismiss it. The order was to stay in effect until 11:59 PM on that day (January 18th, 2023) against my 14th Amendment right to due process. The judge used the EPO, which she knew that she had no intention of sustaining and was not legally valid, to sustain the removal of the child on a preliminary basis and ordered me to have no contact with the child until the court released that order even after the testimony from the child's Guardian ad Litem in which she stated that interviews with the child's teachers and my local DSS indicated no concern of abuse as far as I was concerned. This was a clear violation of my 4th amendment right against unreasonable search and seizure without due process of law considering the only grounds to justify the sustaining of the removal order were known to be meritless and in clear and obvious violation of due process. The correct way to handle that situation, given that the removal order took precedence over all other matters and that she intended to let the order expire

because it had no merit, would have been to order that the custody of the child be returned to me the following morning after the expiration of the order that night. Adjudication was set for February 1st, 2023.

**(6)** On February 1st, 2023, on day 26 since I had so much as spoken to my daughter, the Adjudication Hearing for Removal was heard. Judge O'Quinn ordered that the child be returned to my custody and made notes in the order that I had nothing to do with the decision to sustain the original removal. I was ordered Physical Custody, but DSS of a county in a state that my daughter and I were not even residents of, would hold Legal Custody until the Disposition Hearing, which was set for February 28th, 2023.

**(7)** On February 28th, 2023, the Disposition Hearing was heard, and Legal Custody of my daughter was finally returned to me.